THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>Daniel Flores-Hernandez,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER CONTINUING TRIAL AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT**<br><br>Case No. 2:21-cr-00427-DBB<br><br>District Judge David Barlow |

This Order Continuing Trial and Excluding Time Under the Speedy Trial Act is entered in response to the outbreak of the Coronavirus Disease (COVID-19) in the District of Utah.

On March 13, 2020, a National Emergency was declared in response to the nationwide outbreak, which the World Health Organization has declared a global pandemic. The court continues to monitor closely the state of the COVID-19 health crisis in Utah and around the nation. Utah and the nation remain in the midst of the most serious global pandemic in over a century. Globally, it is estimated that more than 400 million people have been infected, and over 5,700,000 have died from the disease. The Judicial Conference of the United States has found that emergency conditions due to the national COVID-19 crisis have affected and continue to materially affect the functioning of the federal courts.

The Centers for Disease Control and Prevention (CDC) continues to issue guidance to combat the spread of COVID-19 and to promote the health and well-being of the nation. This guidance includes recommendations that all Americans avoid close contact with others (*i.e.*,

being within six feet), among other things. There are nationwide now over 76 million confirmed

cases of Americans infected with COVID-19, and over 900,000 deaths. Utah has now confirmed

more than 900,000 cases, resulting in over 32,000 hospitalizations and more than 4,000 deaths.

Save for the peaks associated with the Omicron surge over the last month or so, daily case counts

in Utah remain near or above the highest point since the pandemic began. COVID-19 test

positivity rates in Utah suggest significant community spread, and infection rates remain near all-

time highs.

Taking into account all of the available and relevant data, including the numbers of daily

new cases and hospitalizations, test positivity rates, ICU capacity in Utah hospitals, the

availability of vaccines and the vaccination rates, the introduction and spread of several variants

of the COVID-19 virus with unknown implications, as well as enhanced treatment capabilities

for those infected with COVID-19, the court concludes the pandemic continues to present an

ongoing health emergency in Utah. The Court has issued a number of General Court Orders in

response to the outbreak of COVID-19 in the District of Utah, which may be found on the

Court's website at https://www.utd.uscourts.gov/united-states-district-court-district-utah-covid-19-

information-center. However, the Court further concludes the recent improvement in conditions in

recent weeks allows the court to return to Phase 2 operations throughout the Court.

An "ends of justice" exclusion of time under the Speedy Trial Act is disfavored and "was

meant to be a rarely used tool for those cases demanding more flexible treatment."[1] However,

based on the ongoing nature of the COVID-19 outbreak in the District, the effect of national and

---

[1] *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009).

local public health recommendations and directives, and the findings and conclusions in General

Orders 20-009 through 20-012, 20-017, 20-020, 20-021, 20-026, 20-028, 20-029, 20-030, 20-

033, 21-001, 21-003, 21-007, 21-009, 21-012, 21-014,  21-015, 22-002 and 22-004, it is

necessary and appropriate to continue trial in this case and exclude time under the Speedy Trial

Act until such time as this trial can be scheduled in the special proceedings courtroom or until

conditions improve such that the courthouse can simultaneously host more than one petit jury at

a time. The high number of COVID-19 cases and deaths nationally, and in Utah, demand

modifications in court practices to protect the public health. Courts and court operations are

necessarily social operations, involving many people.

The need to protect the health of the public during a deadly pandemic outweighs the

rights of Defendant and the public to a speedy trial. Moreover, there is a significantly reduced

ability to obtain an adequate spectrum of jurors and available counsel, witnesses, and court

personnel to be present in the courtroom for trial. Empaneling a jury, conducting a trial, and

arranging jury deliberations, with due regard for health and safety, considering the broad

spectrum of participants and their contacts outside the court, is not currently possible in the

physical facilities available to the court for more than one trial at a time. Long exposure in

confined spaces, which is inherent in trial, increases risk of infection. Video and audio

conferencing, used for hearings, are not available for trials. Counsel's ability to adequately

prepare for trial, including locating and consulting with witnesses, and defense counsel's ability

to confer with Defendant, under these circumstances is also greatly reduced.

A failure to continue trial under these circumstances would result in a miscarriage of justice[2] and would deny counsel for the government and Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[3] Therefore, the ends of justice served by such a continuance outweigh the best interests of the public and Defendant in a speedy trial.[4] This continuance is not predicated on general congestion of the court's calendar or lack of diligent preparation by counsel.[5]

## ORDER

IT IS HEREBY ORDERED that the 3-day jury trial previously scheduled to begin on February 25, 2022 is continued to the 1st day of April, 2022. Accordingly, the time from the entry of General Order 20-009, March 16, 2020, and the new trial date is excluded from Defendant's speedy trial computation for good cause.

SO ORDERED this 10th day of February, 2022.

BY THE COURT:

David Barlow
United States District Judge

---

[2] 18 U.S.C. § 3161(h)(7)(B)(i).
[3] *Id*. § 3161(h)(7)(B)(iv).
[4] *Id*. § 3161(h)(7)(A).
[5] *Id*. § 3161(h)(7)(C).

4